23-6618-ag
*Tavarez v. Bondi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of March, two thousand twenty-five.

PRESENT:
>JOSEPH F. BIANCO,
>MICHAEL H. PARK,
>WILLIAM J. NARDINI,
>>*Circuit Judges.*

---

MERCEDES JOSEFINA TAVAREZ,

>*Petitioner*,

>v.                                                                 23-6618-ag

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

>*Respondent*.

---

FOR PETITIONER:                     REUBEN S. KERBEN, Kerben Law Firm, P.C., Kew
                                                    Gardens, New York.

FOR RESPONDENT:                     ARTHUR L. RABIN, Trial Attorney (Stephen J. Flynn,
                                                    Assistant Director, Office of Immigration Litigation, *on
                                                    the brief*), United States Department of Justice,
                                                    Washington, District of Columbia.

Petition for review of a decision of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the Board of Immigration Appeals's ("BIA") decision, filed on May 18, 2023, is **DISMISSED**.

Petitioner Mercedes Josefina Tavarez, a native and citizen of the Dominican Republic, seeks review of a May 18, 2023 decision of the BIA, which affirmed a November 1, 2021 decision of an Immigration Judge ("IJ"), denying relief from removal. *In re Mercedes Josefina Tavarez*, No. A087 249 265 (B.I.A. May 18, 2023), *aff'g* No. A087 249 265 (Immig. Ct. N.Y. City Nov. 1, 2021). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *see also Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we address the BIA's affirmance of the adverse credibility determination and its conclusion that Tavarez waived review of the IJ's alternative discretionary denial of a waiver.

Tavarez sought an adjustment of her status based on her marriage. To establish eligibility to adjust her status, she had the burden of showing both that she had been "admitted" to the United States and that she was "admissible." 8 U.S.C. § 1255(a); *see id.* § 1229a(c)(4)(A). However, because she did not allege that she was admissible given her concession that she submitted fake documents with her initial adjustment application, Tavarez had the burden to establish that she was eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(i)(1), and that she merited such a waiver as a matter of discretion. Yet, even if Tavarez could obtain a waiver of inadmissibility,

2

she was still required to show that she had been "admitted" to the United States pursuant to 8 U.S.C. § 1255(a).

Tavarez asserted that she was eligible for a Section 1182 waiver of inadmissibility because she had been "admitted" to the United States on her sister's passport. However, Tavarez did not produce her sister's stamped passport or any other reasonable, corroborative evidence, such as a plane ticket or plane record. Ultimately, based on her prior misrepresentations, including the fact that she fraudulently entered the country and made misrepresentations on immigration forms, the agency determined that Tavarez was not credible. Thus, the agency concluded that Tavarez had not established that she had been "admitted," and therefore was not eligible for a Section 1182 waiver of inadmissibility. *See Emokah v. Mukasey*, 523 F.3d 110, 118 (2d Cir. 2008) (explaining that an alien may be inadmissible because entry may have been obtained by fraud, while still being admitted to the United States).

Our review of agency decisions related to an adjustment under Section 1255 and waiver under Section 1182(i) is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1182(i)(2) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1)."); § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1182(i) . . . or 1255 of this title[.]"); § 1252(a)(2)(D) (providing that nothing in subsection (B) precludes review of "constitutional claims or questions of law"). A question of law may arise where the agency applied the wrong legal standard, *see Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2007), or where the agency "totally overlooked" or "seriously mischaracterized" important facts, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). "[T]he application of law to undisputed or established facts is a 'question of law' within the meaning of § 1252(a)(2)(D)."

3

*Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 228 (2020) (alteration adopted); *see Wilkinson v. Garland*, 601 U.S. 209, 212, 217 (2024).  However, "a court is still without jurisdiction to review a factual question raised in an application for discretionary relief," *Wilkinson*, 601 U.S. at 222, which includes "an IJ's factfinding on credibility," *id.* at 225.

We dismiss the petition because Tavarez has not raised a colorable question of law as to the agency's determination that she did not credibly establish that she was admitted to the United States.  In particular, Tavarez raises no colorable question of law regarding the IJ's adverse credibility determination.  An IJ is allowed to rely on falsehoods and inconsistencies in determining credibility, and Tavarez admitted that she made false representations, and then testified to entering on her sister's passport rather than her own, as initially alleged.  *See Zaman v. Mukasey*, 514 F.3d 233, 238–39 (2d Cir. 2008) (upholding adverse credibility determination based on submission of a false document).  Her argument that the IJ should have credited her and her friend's testimony about when and how she entered the United States despite the prior misrepresentations does not raise a colorable question of law.  *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks and citation omitted)).  Moreover, her argument that the agency, in its review of the IJ decision, ignored her explanation for her initial misrepresentations— namely, that she continued with the fraud because she was worried that admitting to using her sister's passport could cause problems for her sister— is not a colorable question of law because the IJ's decision indicates that he considered Tavarez's testimony and nothing in the record suggests that the IJ, or the agency, ignored her explanations. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) ("[W]e do not demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered

4

by the petitioner." (internal quotation marks and citation omitted)); *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Relatedly, as a part of its review, the agency was also permitted to consider the lack of documentary evidence to confirm the arrival date, *see Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."), and Tavarez does not challenge the corroboration finding here, *see Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks and citation omitted)).

Tavarez's failure to raise a colorable question of law is dispositive because absent a showing that she was admitted, she is ineligible for an adjustment of status. *See* 8 U.S.C. § 1255(a). Thus, the IJ did not need to reach the waiver of inadmissibility issue under Section 1182 because Tavarez failed to establish that she had been "admitted," as required under Section 1255. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule[,] courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). In any event, to the extent the IJ declined to exercise its discretion to waive the admissibility requirement, and to the extent Tavarez challenges that decision on appeal, her arguments are unexhausted. The BIA did not err in finding that Tavarez had waived review of the discretionary ruling by not arguing it in her brief to the BIA, given that she mentioned the discretionary factors the IJ relied on—her misrepresentations—only in addressing the credibility ruling. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015)

5

(limiting review "to whether the BIA erred in deeming the argument waived"). The argument she raises here—that the IJ did not consider all factors relevant to a discretionary determination—is not properly before us because it was not first presented to the BIA. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted, and we cannot hear it.").

\*     \*     \*

We have considered Petitioner's remaining arguments and find them to be without merit. Accordingly, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court